UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA S. PAURUS, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | NO. CV-10-258-LRS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (ECF No. 28). The motion is heard without oral argument.

## I. BACKGROUND

Plaintiff, Linda Paurus, was hired by Guardian Life in 1989, and terminated on May 6, 2009. On February 16, 2009, Ms. Paurus was involved in a car accident while on a business trip. Ms. Paurus was injured in the accident, received medical treatment, and later filed a Worker's Compensation claim. She did not request any special accommodation or additional time off as a result of her injury and ongoing medical treatment, and stated that if she felt she needed accommodation she would have requested it.

Ms. Paurus alleges that her supervisor, Michelle Hart, upon learning that she had filed a Worker's Compensation claim, sent her a hostile email expressing her displeasure that Ms. Paurus had not informed her of her intent to file the claim. Ms. Paurus further

ORDER ~ 1

alleges that her relationship with Ms. Hart deteriorated after she filed the claim and that shortly afterward she received the lowest performance review she had ever received, though still receiving a "meets expectations." Ms. Paurus suggests that there was no explanation for this low review or deterioration of relationship with her supervisor other than the fact that she filed a Worker's Compensation claim. Defendant suggests that her performance review was lower because her work performance had deteriorated, but the only evidence of deteriorating work performance is from the period after the Worker's Compensation claim was filed.

Defendant's stated reason for Ms. Paurus's termination was that she listened to a phone call between one of her subordinates, Judy Cazier, and Ms. Hart. Defendant alleges that listening to the call violated company policy, and was sufficiently serious to warrant termination. Defendants also suggest that Ms. Paurus's attitude and performance had deteriorated, but statements made by Ms. Hart indicate the only reason for Ms. Paurus's termination was that she listened to the phone call. Ms. Paurus alleges that there was no clear company policy against listening to a call between a subordinate employee and supervisor, and that in fact listening to the recorded phone calls of her subordinates was part of her job duties. She further alleges that she did not listen to the whole call, that she listened to the call by accident, informed Ms. Cazier that she had listened to the call, and that even if it were a violation of company policy, such a violation did not justify her termination given her 20 years of service and solid performance reviews. Whether the phone call could be listened to by accident is disputed.

Ms. Paurus brought claims for wrongful termination in violation of public policy and age and disability discrimination under Washington's Law Against Discrimination Act. Defendant now moves for summary judgment on all claims. Plaintiff's age discrimination claim has been withdrawn.

ORDER ~ 2

## II. SUMMARY JUDGMENT

A party is entitled to summary judgment when, considering all inferences drawn from the underlying facts in the light most favorable to the non-moving party, there is no genuine issue of material fact that might affect the outcome of the claim at trial. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.C. 993 (1962); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). The evidence must be such that no reasonable trier of fact could return a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried this burden, however, the opposing party "must do more than simply show some metaphysical doubt as to the material facts." *Id.* The opposing party must designate specific facts beyond the pleadings that establish a genuine issue of fact for trial. *Celotex Corp. V. Catrett*, 477 U.S. 317, 324-25, 106 S.Ct. 2548 (1986).

## III. DISCUSSION

*A. Overview*

Issues of material fact remain with regard to Plaintiff's wrongful termination in violation of public policy claim, and that claim must survive summary judgment. Plaintiff has not, however, raised any factual issues on which a reasonable trier of fact could find that disability discrimination played a role in her termination or hostile treatment. Termination of an at will employee violates public policy if the fact that the employee filed a Worker's Compensation claim was a substantial factor leading to termination. If an employer produces evidence that an employee was terminated for legitimate reasons, the plaintiff has the burden of proving that the employer's stated reasons are pretextual, or that filing a Worker's Compensation claim remained a substantial factor leading to her

termination. Plaintiff has provided evidence on which a reasonable trier of fact could find that her filing a Worker's Compensation claim was a substantial factor in her termination. To succeed on a claim of wrongful discharge or hostile treatment under Washington's Law Against Discrimination Act a plaintiff must show that a disability was a substantial factor leading to her termination or hostile treatment. Plaintiff has not shown that she had a disability under the act, and, even if she did, there is no evidence whatsoever that such disability played a role in Defendant's decision to terminate Plaintiff or in any hostile treatment of Plaintiff.

> B. *Wrongful Termination in Violation of Public Policy*

Wrongful termination in violation of public policy is a narrow exception to the common law doctrine of employment at will. Outside of narrowly defined exceptions, and absent an employment contract providing to the contrary, an employer has the right to terminate an employee with or without cause at any time. *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 891, 568 P.2d 764 (1977). In Washington, and a majority of jurisdictions, courts recognize "a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy." *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232, 685 P.2d 1091 (1984). This exception is narrow and must be applied cautiously to avoid swallowing the employment at will rule. *Briggs v. Nova Services*, 166 Wn.2d 794, 801-802, 213 P.3d 910 (2009) (citing *Sedlacek v. Hillis*, 145 Wn.2d 379, 36 P.3d 1014 (2001).

Retaliation for filing a Worker's Compensation claim gives rise to a common law claim for wrongful termination in violation of public policy. *Willmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 68, 821 P.2d 18 (1991). To establish a claim of wrongful termination based on retaliation for filing a Worker's Compensation claim a plaintiff must show that she 1) exercised a right to pursue a workers compensation claim, 2) that she

ORDER ~ 4

was discharged, and 3) that there was a causal connection between filing the Worker's Compensation claim and being discharged. *Id*. at 68-69. A causal connection can be demonstrated simply by evidence that the employee's work was satisfactory before the Worker's Compensation claim was filed, the employer knew the employee filed a Worker's Compensation claim, and the employer terminated the employee within relatively close temporal proximity to the filing of the claim or discovery that the claim was filed. *Anica v. Wal-Mart Stores, Inc*. 120 Wn. App. 481, 491, 84 P.3d 1231 (2004). Once the plaintiff has made a prima facie case of retaliatory discharge, the burden shifts to the employer to "articulate a legitimate nonpretextual nonretaliatory reason for the discharge." *Id.* at 70. The employer need only produce evidence of a legitimate reason for the termination, the burden of persuasion remains on the plaintiff.

Plaintiff has met her burden of production for a wrongful discharge claim. It is undisputed that Plaintiff pursued her right to file a Worker's Compensation claim and that she was discharged 7 weeks after filing the claim. The close proximity between filing the claim and her discharge, coupled by nearly 20 years of at least satisfactory performance reviews up until the time of her injury and claim are sufficient to meet the burden of production for the causation element of the wrongful termination claim. Defendant alleges that Plaintiff was terminated for listening to a phone call between her supervisor and one of her subordinates, and because her job performance had been deteriorating in the period leading up to her termination. These allegations and the evidence supporting them are sufficient to rebut the initial inference of wrongful termination when the plaintiff has established a prima facie case.

The plaintiff must show by a preponderance of the evidence that the employer's stated motivation for the termination was pretextual, or that retaliation for filing a Worker's Compensation claim was nevertheless a substantial factor leading to the termination. *Renz v. Spokane Eye Clinic, P.S.*, 114 Wn.App. 611, 622, 60 P.3d 106

ORDER ~ 5

(2002). An employee can show that an employer's stated reason for termination is pretextual by showing "(1) the reasons have no basis in fact, or (2) even if based in fact, the employer was not motivated by these reasons, or (3) the reasons are insufficient to motivate an adverse employment decision." *Id.* at 619. (quoting *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash. 2d 355, 364, 753 P.2d 517 (1988). "A factor supporting the decision [to terminate] is 'substantial' if it so much as tips the scales one way or the other." *Renz*, 114 Wn.App. at 621.

There remain issues of material fact regarding whether Defendants stated reason for terminating Plaintiff was legitimate, or, even if it was legitimate, whether the fact that Plaintiff filed a Worker's Compensation claim was nevertheless a substantial factor leading to her termination. Plaintiff has presented evidence that her supervisor was upset with her for not informing her that she intended to file a Worker's Compensation claim following her car accident. Plaintiff has also presented evidence that her performance reviews became more negative and that her relationship with her supervisor deteriorated following her supervisor learning that she had filed a claim. Plaintiff further alleges that given her 20 years of at least satisfactory service to the company, a minor violation of company policy would not be sufficient to justify her termination, that in fact there was no clear company policy against her listening to the phone call, listening to her subordinates phone calls was part of her job, and that she only overheard the call in question by accident. On the basis of the record, none of these allegations can be eliminated on summary judgment as a matter of law, they are issues of fact, the resolution of which will effect the outcome of the case, and must be decided at trial.

C. *Disability Discrimination Under Washington's Law Against Discrimination Act*

To establish a prima facie case for wrongful discharge under Washington's Law Against Discrimination Act the plaintiff must show 1) that she was disabled, 2) that she was discharged, 3) that she was doing satisfactory work, and 4) that she was replaced by

ORDER ~ 6

someone who was not disabled. *Becker v. Cashman*, 128 Wn. App. 79, 85, 114 P.3d 1210 (2005). Plaintiff must further show that her disability was a substantial factor in her termination. *Id.*

> "Disability" means the presence of a sensory, mental, or physical impairment that:
> (i) Is medically cognizable or diagnosable; or
> (ii) Exists as a record or history; or
> (iii) Is perceived to exist whether or not it exists in fact.

RCW 49.60.040(7)(a) (2011). Establishing a prima facie case creates a rebuttable presumption of discrimination and the burden then shifts to the employer to provide evidence of a nondiscriminatory justification for termination. If the employer provides such evidence, the plaintiff must then show to a preponderance of the evidence that the justification is merely a pretext, or that the disability was nevertheless a substantial factor in the termination. *Becker*, 128 Wn. App. at 85-86 (citing *Hill v. BCTI Income Fund-I*, 144 Wash. 2d 172, 181, 23 P.3d 440 (2000).

The standard for making a claim of hostile treatment under the Act is basically the same: a plaintiff must show that she was disabled, able to perform her duties with reasonable accommodation, and that her disability was a substantial factor leading to hostile treatment by the employer. *Id.* at 85.

Plaintiff has not made a prima facie case for disability discrimination. There is no evidence that plaintiff had a disability under RCW 49.60.040. Assuming, arguendo, that there was such evidence, Plaintiff has not shown that her disability played any role whatsoever in her termination or alleged hostile treatment. Plaintiff never requested any time off or other accommodation, so termination could not have been in retaliation for taking such time off. Plaintiff has admitted that she would have taken time off or requested accommodation if she had needed it, showing that she had no fear of reprisal.

ORDER ~ 7

There is no evidence on the record showing that any alleged disability could have been a factor in Plaintiff's termination or alleged hostile treatment.

### IV. CONCLUSION

Plaintiff has raised issues of material fact regarding whether filing a Worker's Compensation claim was a substantial factor leading to her termination, and whether Defendant's stated reason for her termination was pretextual. Plaintiff has not raised any issues of fact on which a reasonable trier of fact could find that disability discrimination was a substantial factor leading to her termination or hostile treatment. Accordingly,

**IT IS ORDERED** that Defendant's Motion For Summary Judgement **(ECF No. 27)** is **DENIED in part** and **GRANTED in part**:

1. Defendant's Motion for Summary Judgment on Plaintiff's claim of wrongful termination in violation of public policy is **DENIED.**

2. Defendant's Motion for Summary Judgment on Plaintiff's claim of disability discrimination under Washington's Law Against Discrimination Act is **GRANTED.**

**IT IS SO ORDERED.** The District court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 22nd day of August, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER ~ 8